## M'Curtie *vs.* Stevens.

The provision in the revised statutes, that the *seal* attached to a *sealed in-strument* shall only be *presumptive evidence* of a *sufficient consideration* does not change the rule of law, that *parol evidence is inadmissible to contradict or vary a written instrument;* it merely allows evidence to be adduced which, previous to the statute, was available only in a *cross action,* or in *another forum*—and it was *accordingly held,* where a suit was brought upon a bond by which the obligor bound himself *absolutely,* by a certain day, to convey certain land to the obligee, that *parol evidence* of an agreement between the parties that the obligor should not be bound to convey, until the obligee paid a certain sum of money, was inadmissible, and improper.

ERROR from the Schenectady common pleas. M'Curtie declared in the common pleas, in an action of debt on a bond executed to him by Stevens, on the 15th April, 1826, conditioned that Stevens should, on or before the 9th March, 1829, execute to him a quit-claim deed of about 2½ acres of land; and that until the 9th March, 1829, he, M'Curtie, should be allowed to occupy and possess the land, free of rent. The plaintiff assigned for breaches of the bond, that he had not been permitted to occupy the premises free of rent; and that the defendant did not, on the 29th March, 1829, execute such quit-claim deed, but utterly refused so to do. The defendant pleaded *non est factum,* and subjoined a notice, that on the trial of the case he would prove that the bond was executed *without consideration,* or if any consideration ever existed, that it had failed. The action was commenced in 1831, and tried in 1833. On the trial of the cause the execution of the bond was proved, and evidence was given as to the value of the land described in it. In reference to the consideration of the bond, the following facts appeared: In March, 1825, one William A. Stevens contracted with one Van Eps for the purchase of the premises described in the bond, agreeing to give a note

NEW YORK, for $39,80, payable with interest, on the 9th March, 1829;
May, 1835. but as he was a minor, he procured *Alexander Stevens* (the
M'Curtie now defendant) to give his note for the purchase money to
v. Van Eps, payable as above ; and for the security of Alexander
Stevens. Stevens, Van Eps conveyed to him the land ; Alexander Ste-
vens executing a bond to *William A. Stevens,*conditioned that
he would, *at the proper costs and charges* of the obligee, on
the 9th March, 1829, convey to him the land, and in the mean
time permit him to occupy it, free of rent. Subsequently Wil-
liam A. Stevens sold his interest in the land for $10, to the
plaintiff, who agreed to pay the amount of the purchase mo-
ney of the land to the defendant ; whereupon the bond given
to William A. Stevens was cancelled, and the bond declared
upon executed.    When the note to Van Eps became due, *one
Nicholas Stevens,* at the request of M'Curtie's father-in-law,
advanced to the defendant the money to pay Van Eps, who
was accordingly paid by the defendant, and the note taken
up.   Nicholas Stevens was induced to advance the money on
a promise of M'Curtie's father-in-law, that it should be repaid
in one year, or if not paid, that the land should belong to him.
Shortly after the expiration of the year, M'Curtie tendered to
Nicholas Stevens the amount paid by him, which tender he re-
fused to except,because made in bank bills. It was proved that
the plaintiff had acknowledged that he had *taken the place* of
William A. Stevens, in respect to the land, and that he had to
pay the amount of the note given by the defendant to Van Eps,
*before he would be entitled to a deed.* The court, in charg-
ing the jury, adverted to the phraseology of the bond declared
on, in which it was stated that the quit-claim deed to be exe-
cuted by the defendant was so to be executed *at the proper
costs and charges* of the obligee,and instructed the jury that if
they believed that the parties used the words *at the proper costs
and charges* of the obligee with the intent to embrace as well
the money for which the note was given to Van Eps, as the
expenses of conveyancing, and also believed that the amount
of such note had not been paid by the plaintiff, that in such
case they would be authorized to find a verdict for the defend-
ant.   The plaintiff excepted to the charge of the court. The

jury found a verdict for the defendant, on which judgment was entered, and the plaintiff sued out a writ of error.

NEW YORK,
May, 1835.

M'Curtie
v.
Stevens.

*J. Brotherson,* for plaintiff in error.

*A. L. Linn,* for defendant in error.

*By the Court,* NELSON, J. The revised statutes, 2 *R. S.* 406, § 77, make a sealed instrument only presumptive evidence of a sufficient consideration, and permits it to be rebutted the same as if not sealed. The testimony therefore offered, to disprove the consideration of the bond in question, was proper. The statute only altered a rule of evidence, and did not impair the contract. It gave to the defendant a new defence in law, the benefit of which was before available only by means of a cross action, or in another forum. Was a failure of consideration proved? The plaintiff was legally liable to pay the note to Van Eps, or to the defendant, if he had not already paid it. As between him and the defendant he was the principal debtor, and of course responsible. The failure to pay the money, therefore, proves only a breach of promise, not a failure of consideration. But it is said the defendant was not bound to give the deed, unless the money was paid at the time the note to Van Eps became due. There is no such stipulation in the condition of the bond; it is unconditional and absolute, and the special agreement thus set up is in contradiction of it. No authority is necessary to show such evidence to be inadmissible. The statute did not intend to shake the principle, that *parol evidence* is incompetent to contradict a contract of parties duly signed and sealed. The non-existence of the consideration was legitimate evidence under the statute ; but the defendant failed to establish the fact. On the contrary, all the evidence conceded the existence of a consideration. The failure to pay the note at a particular day in no way affected it. The promise, or legal liability to pay, and not the payment, constitutes the consideration, and that exists in full force, if it has not been already satisfied.

NEW YORK,
May, 1835

The defence attempted to be set up, in truth, was not a want or failure of consideration, as supposed by the counsel, but an agreement between the parties that the defendant was not to be holden upon the bond until the consideration of the bond (the note) was paid; that the defendant was not to trust to the personal responsibility of the plaintiff for that sum. However reasonable this may be, there is no competent evidence in the bill of exceptions of that agreement. The stipulation in the condition, that the obligor shall execute and deliver to the plaintiff *at the proper costs and charges of the plaintiff*, a quit-claim deed, can on no reasonable construction be referred to the consideration money. These terms are obviously applicable to the expenses of the conveyance, and must be so understood.

Judgment reversed.