CHILDS, administratrix, &c. *vs.* BARNUM and others.

Where a person, by an instrument in writing under seal, expressing a conside-
ration of one dollar to him in hand paid, guaranties the payment of a debt
owing by another, the consideration thus expressed is sufficient to satisfy
the requirements of the statute of frauds, and to support an action upon
the guaranty; notwithstanding the defendants prove on the trial, that the
one dollar was not in fact paid.

The seal imports a consideration, and calls on the defendant to rebut that
presumption. The burthen of proof, therefore, falls on him, and to sus-
tain his defense, he must prove, not only, that no consideration was *paid*,
but that none was *agreed to be paid*. The omission to pay the one dollar does
not show a want of consideration, and proof that it was not paid will not
entitle the defendant to a verdict.

ERROR to the superior court of the city of New-York. Bar-
num & Co. sued Russel Childs in the superior court, in covenant,
on an agreement signed and sealed by R. Childs, and of which
the following is a copy:

"New-York, May 13, 1845.

In consideration of one dollar, to me in hand paid, I hereby guar-
antee to Barnum, Morris & McKnight, the payment of one hun-
dred and seventy-eight $\frac{74}{100}$ dollars in one year from this date,
being the balance of William Smith's account, as appears on
their ledger.

Witness, Samuel H. Jordan.          R. CHILDS. [L. S.]"

The defendant pleaded non est factum, and gave notice that
he would prove that the agreement was executed without any
consideration, and that the one dollar was not in fact paid to the
defendant. The execution of the instrument was proved, and it
was proved that the one dollar was not paid. No proof was
offered that it was not *agreed* to be paid. The defendant's coun-
sel insisted that the agreement, being to pay the debt of another
was void, unless it expressed the consideration of it; that it ex-
pressed the consideration to be one dollar paid to the defendant by
the plaintiffs; that the defendant had, pursuant to his notice,
proved that the one dollar "was not paid, and having proved that
it was not paid, was entitled to a verdict." The court decided

that the plaintiff was entitled to recover, and the defendant excepted. And a judgment being entered against the defendant, he sued out a writ of error.

*J. S. Bosworth,* for the plaintiff in error.

*G. M. Speir,* for the defendants in error.

*By the Court,* MITCHELL, J. The revised statutes (*vol.* 2, *p.* 135, § 2) declare that every agreement shall be void unless such agreement, or some note or memorandum thereof expressing the consideration, be in writing, and subscribed by the party to be charged therewith, in the following cases : 1st. An *agreement* that by its terms is not to be performed within a year. 2d. Every special *promise* to answer for the debts, &c. of another. 3d. Every *agreement, promise* or *undertaking,* made in consideration of marriage, except promises to marry. The revisers seem to have made a distinction between agreements and promises, and intentionally to have chosen one word for one class of contracts, and the other for another class. Before the revision, it was held that the agreement to pay the debt of another must express the consideration in writing, as well as the thing to be done ; although the statute had not then any such express provision, it being held that the term "agreement" in itself implied a consideration, and that when the statute required the agreement to be in writing, it impliedly required the consideration to be so expressed also. ( *Wain* v. *Warlters,* 5 *East,* 10.) Yet it was never supposed that the statute applied to such an agreement when under seal, so as to require the consideration to appear on it ; the seal of itself imported a consideration and so satisfied the statute, or it may have been deemed that the statute had no reference to sealed instruments. In this respect, so far as the statute against frauds is concerned, this agreement satisfies its requirements, in both respects ; it expresses a pecuniary consideration, and the seal also imports a consideration. (*Douglas* v. *Howland,* 24 *Wend.* 35. *Bush* v. *Stevens, Id.* 256.) The defendant, however, was at liberty, under the pro-

visions of the statute, (2 *R. S.* 406, § 97, § 98, *or* § 77 *and* 78,) to rebut the evidence of a sufficient consideration, which is still to be presumed from the seal, on pleading that defense, or giving notice thereof. The law still expressly recognizes the seal as "presumptive evidence of a sufficient consideration," and calls on the defendant to rebut that presumption. The burthen of that proof therefore falls on him. He contends that as the instrument expresses a consideration "of one dollar to him paid," no other can be implied than that sum actually paid, and that when he showed that he had not been paid it, he proved that there was no consideration for his promise. He admits that this rule does not apply to conveyances of land, and that there, although the deed declares the consideration to be money paid, the seller may show it was money not paid but agreed to be paid, and recover the purchase money ; and contends that there the deed, on its face, imported a consideration for the purchaser's agreement to pay, namely, the sale of the lands to him ; and that even then an agreement of the purchaser to pay must be proved ; but that here no agreement of the plaintiffs to pay the one dollar was proved.

The informality of contracts among merchants is such, that great injustice would be done if they were interpreted by the strict rules of grammar ; but if the word "paid" be allowed here to contain within itself the double meaning of "paid or to be paid," the difficulty is removed ; it then shows on its face that the consideration was paid, or was to be paid. The term "paid," by itself, does not distinctly show whether the sum has been paid or is to be paid ; the proper auxiliary must be implied or expressed, before it is known which is the meaning intended. The common "bought and sold notes," are subject to the same ambiguity. "Bought of A. B. by C. D. 100 bales of cotton for $30 per bale." This seems to imply a sale completed, yet they only mean one to be completed. If the expression were "I will, for one hundred dollars, to me paid, sell to A. B. 100 bushels of wheat," it would be entirely uncertain whether the money had been paid or was to be paid. And although here the guaranty being in the present tense, that uncertainty is not so palpable, it is not en-

Childs *v.* Barnum.

tirely removed ; it is presumptive evidence of actual payment, but not conclusive. So in the case of a deed conveying lands, the words used, similar to these, are presumptive evidence of payment, in an action for the purchase money ; but when it is shown that the money has not been paid, they become presumptive evidence of an *agreement* to pay the amount of the consideration ; although that presumption might be varied by showing an actual contract for a different consideration, or an intention to make a gift. Here, as in a grant of lands, the face of the instrument imports a consideration for the agreement to pay the consideration money ; there it is the sale of the lands, here the guaranty of a debt due by a third person. If the consideration here expressed had been fifty dollars, instead of one dollar, no one reading the instrument .would doubt that Barnum & Co. had agreed to pay Childs the $50 for his guaranty ; though it probably would be supposed that they had not only agreed to pay, but had paid that sum. And it is difficult to see on what principle Childs could have been prevented from recovering that sum if Smith had paid Barnum & Co. within the year, and Childs had proved that he had not been paid his $50. These short instruments must necessarily be construed according to what they imply, without requiring in them full and exact expressions of all that may be intended. If the face of the instrument shows the meaning of the parties, that is enough. Whether the consideration was $1 or $50, or was large or small, it was properly conceded makes no difference in the case. (*Oakley* v. *Boorman & Johnson*, 21 *Wend.* 588.)

As the instrument proved, satisfied the statute of frauds, that statute might be entirely laid out of view. Then the defendant's right depends on the law opening the proof as to the consideration of sealed instruments ; and as the proof was opened to the defendant to show that there was *no* consideration, it allowed any consideration, whether that named in the instrument or any other, to be shown or implied. And it was incumbent on the defendant to prove the whole negative that he had assumed, viz. that there was no consideration ; he could not limit the plaintiff to a past consideration. But if a consideration of a thing to be

done was to be inferred from the proof, the defendant failed in sustaining the burthen which the law throws on him. Any law limiting the plaintiff's proof to the consideration expressed, would not apply to such a case. The omission to pay the $1, did not show a want of consideration. (*See McCartee* v. *Stevens,* 13 *Wend.* 527.)

The cases showing that a promise of one person to pay the debt of another, founded only on a past consideration not beneficial to the promisor, nor made at his request, is not binding on him, do not affect this case. There the consideration was not good in law ; here the consideration, whether of money paid at the time, or to be paid, is good.

The precise point taken by the defendants below was clearly too narrow. It was that the instrument expressed the one dollar to have been paid, and that it not having been paid, the defendant was entitled to a verdict. This would have excluded the plaintiff from proving an actual and express agreement on his part to pay the dollar. It seems clear that the statute does not confine the promisee to any particular proof of consideration ; that it retains the presumption that there is a sufficient consideration, and is new only in allowing the defendant to prove that there was *no* consideration.

The judgment should be affirmed with costs.

[New-York General Term, March 8, 1851. *Edmonds, Edwards* and *Mitchell,* Justices.]