## COOPER & PEABODY *vs.* DEDRICK.

In an action upon a guaranty indorsed upon a promissory note, it is not ne-cessary to prove, by witnesses, the signature of the maker of the note. This is sufficiently proved, as against the guarantor, by proving his execution of the guaranty.

Where it is proved that the plaintiffs were partners in business two or three years since, and there is no evidence of any change, or dissolution of partner-ship, the presumption is that they are still partners.

When a guaranty is written upon a note, and the note is transferred, the sale and delivery of the note with the guaranty upon it, furnishes *prima facie* evi-dence of a sale of the contract of guaranty. And the possession of the note and the guaranty is *prima facie* evidence of a right, in the holder, to the guaranty, and will authorize him to maintain an action thereon, unless it be shown that the contract of guaranty was not transferred, at the time the note was transferred.

Where a guaranty is expressed to be "for value received," the consideration is sufficiently expressed to satisfy the requirements of the statute of frauds.

APPEAL from a judgment of the Allegany county court, affirming the judgment of a justice,

*Angel & Ward*, for the defendant,

*J. M. Curtiss*, for the plaintiffs.

*By the Court*, MARVIN, J. The action was upon a guaranty, written upon a promissory note. The note reads thus: "$58.26. Due Dedrick & Bronson, or bearer, fifty-eight and twenty-six one hundredths dollars, for value received.

                                        J. S. STILLMAN.".

Cooper *v.* Dedrick.

The guaranty is, that "For value received, I hereby guaran-tee the payment of the within note. February 19, 1849." Signed by the defendant.

The action was commenced August 30, 1854, and tried October 19, 1854. Upon the trial the plaintiffs produced the note and proved the guaranty written upon it, and rested. The defendant asked for a nonsuit, upon the ground that there was no evidence that the plaintiffs were a firm, or in any way jointly interested in the note or guaranty ; also, that there was no evidence of the signature of the maker of the note. The plaintiffs then offered further evidence, which the justice received, the defendant objecting. They gave evidence tending to show that the plain-tiffs were partners in business two or three years previous to the trial, and again rested. The justice gave judgment in favor of the plaintiffs.

Several objections are made to the judgment. It will not be necessary to state them particularly. It was not necessary to prove by witnesses the signature of the maker of the note. This was sufficiently proved, as against the defendant, by prov-ing his execution of the guaranty. (*Cowen & Hill's Notes, notes* 168, 869, 912.)

The evidence of a joint interest in the plaintiffs was sufficient, *prima facie.* It was shown that they were partners in busi-ness two or three years previous. The witness stated that he had frequently done business with them as partners, and had settled with them, as such, some two or three years since. There was no evidence of any change or dissolution of partnership, and the presumption was that they were still partners.

As to the evidence of their title to the guaranty, the note was payable to Dedrick & Bronson, or *bearer,* and the guaranty was written upon it. The possession and production of the note was *prima facie* evidence of title in the plaintiffs, and as the guaranty was upon the note, in my opinion, the possession of the note and the guaranty were *prima facie* evidence of right in the plaintiffs to the guaranty. Since the code, the real party in interest is to bring the action. The old question, therefore, whether the form of the contract justifies the action in the name

of the plaintiffs, no longer exists ; but the question is, has the plaintiff the title or right to the contract or the cause of action. If he has, he may maintain the suit, upon the contract, in his own name. In my opinion, when a guaranty is written upon a note and the note is transferred, nothing being said touching the guaranty, the contract of guaranty passes with the note. In other words, the sale and delivery of the note with the guaranty upon it furnishes *prima facie* evidence of a sale of the contract of guaranty. In the present case the defendant was one of the payees of the note, and the note was also payable to bearer. He transferred the note and guarantied the payment. In my opinion, any one who should become the holder of the note could maintain an action upon the guaranty, unless it should be shown that the contract of guaranty was not transferred at the time the note was transferred. (*See McLaren* v. *Watson*, 26 *Wend.* 425.)

The statute of limitations did not commence running in favor of the defendant until the cause of action accrued upon the contract of guaranty.

The contract of guaranty was not within the statute of frauds. The consideration, "for value received," was sufficiently expressed to satisfy the requirement of the statute. (*Douglass* v. *Howland*, 24 *Wend.* 35. *Watson's Ex'rs* v. *McLaren*, 19 *id.* 557.)

The judgment should be affirmed.

[ERIE GENERAL TERM, September 8, 1856. *Bowen, Mullett, Greene* and *Marvin*, Justices.]