Davies, J.
This being an engagement to answer for the debt or default of a third person, the question raised is, whether the agreement is a compliance with the provisions of the statute of frauds. They are, that “every agreement shall be void, unless some note or memorandum thereof expressing the consideration, be in writing and subscribed.” (2 R. S., p. 2, ch. 7, tit. 2, § 2.) Does this agreement contain an expression of the consideration? We think it does. The statute does not require the expression of the whole consideration in the agreement, but the expression of a valuable consideration. It would not be doubled if the agreement had stated the consideration to be one dollar paid, it would have been sufficient, although the true consideration may have been $175, the amount of the note. A valuable consideration must be expressed, although the true and actual consideration need not be.
The question presented in this case was incidentally alluded to in Watson’s ex’rs v. McLaren (19 Wend., 557). That was an action upon the guarantee of a promissory note made by the defendant Watson, and the only consideration expressed in the guarantee was contained in the words “for value received.” On the trial at the circuit, the defendant moved for a nonsuit upon several grounds, and among others, that the guaranty was void for want of a consideration expressed; that the words “for value received” do not import or show any consideration; that they were merely descriptive *497 of the note referred to. ' The motion for the nonsuit was denied, and the plaintiff had a verdict. Upon a writ of error to the Supreme Court, Oowbn", J., in delivering the opinion of the court says, in reference to this point, “upon the merits, the objection that no consideration is expressed in the guaranty is not founded in fact. The words ‘ for value received ’ are a sufficient expression.”
The same point was expressly passed upon by the Supreme Court in Douglass v. Howland (24 Wend., 35,) the court holding that the words “for value received” are a sufficient expression of the consideration within the meaning of the statute. A like ruling was made by the Supreme Court of the eighth judicial district in Cooper v. Dederick (22 Barb., 516), Lapham v. Burrett (1 Vt. R., 247), Whitney v. Stearns (16 Me. R., 394.) In Brewster v. Silence (4 Seld., 207), a distinct intimation was given by the learned judge, who delivered the opinion of this court, that the words “for value received,” if contained in the guaranty, would have been a sufficient expression of the consideration, and would have saved it from the condemnation it received. We are all of the opinion in this case that "the consideration is expressed in the guaranty, and that the words “ for value received ” adequately and sufficiently express it.
The judgment appealed from must be affirmed, with costs.
All the judges concurred. Most of them were moreover inclined to the opinion that the case was not within the statute of frauds; on the ground that the defendant was to be taken as having executed the guarantee upon the transfer of the note for value received of the plaintiff—a new and distinct consideration, independent of the debt of the makers of the note, and moving between the parties to the new promise. This point however was not passed upon.
Judgment affirmed.