By the Court.
Sedgwick, Ch. J.
The defendants had entered the premises, occupied by plaintiff, for the purpose of making alterations in them. The premises were rooms in a house, adjoining other houses, all of which were owned by one of the defendants, who was plaintiff’s landlord. The alterations, as proposed, required that plaintiff’s premises should be entered and used. The complaint charged that the defendants entered and did certain things, which the proof afterwards showed were a part of a proceeding to make the alterations. The complaint did not charge that the things complained of were unnecessary to the alteration, or that the manner in which they were done was wrongful; but charged that the entering and the acts specified were wrongful as to her.
*34 The entry was made after the plaintiff had signed the.following instrument: “We the undersigned do hereby agree for the consideration of one dollar to us paid, the receipt of which we hereby acknowledge, to permit Wilham T. Walton or his agents to make any alterations which they or he may deem necessary to carry out the plans and specifications, in changing the houses we now occupy.” This had been signed by other tenants.
The main question on this appeal is whether the instrument was evidence of a contract or of a license. The plaintiff claimed it formed a license and not a contract. ‘The ground upon which this was based is the proposition, that there was no consideration paid for it as a contract, and to support this it is pointed out that the plaintiff testified that the $1 was not paid to her. The learned judge below preferred to pass upon other positions. Attention may be given to it here, for it is fmidamental to the right of the parties.
Childs v. Barnum (11 Barb. 14), may be used as a precedent in this case. ■ The defendant had signed an instrument : “In consideration of one dollar to me in hand paid, I hereby guarantee,” &c., the payment of the indebtedness of a third party. The defendant affixed his seal. The court held that the seal, apart from the expressed consideration of $1, was sufficient under the statute of frauds, which required that such an agreement should express a consideration ; and further, that the defendant was at liberty to rebut the presumption from the seal and the statement of the consideration of $1, by showing that in fact there had been no consideration for the contract. It was held (p. 17) that “whether the consideration was $1 or $50, or was large or small, makes no difference in the case (Oakley v. Boorman, 21 Wend. 588).
The defendant in the cited case had proved, as in the present, that $1 had not been paid to him. The court said, “ And although here the guarantee being in the present tense, that uncertainty is not so palpable, it is not entirely removed; it is presumptive evidence of actual payment, *35 but not conclusive. So in the case of a deed conveying land, the words used similar to these are presumptive evidence of payment in an action for the purchase money ; but when it is shown that the money has not been paid, they become presumptive evidence of an agreement to pay the amount of the consideration, although that presumption might be varied by showing an actual contract for a different consideration or an intention to make a gift.” It is not necessary to the decision of this appeal, to say that the recital of a pecuniary consideration as paid, is, or is not, uncontrovertible evidence of the consideration that the parties agreed to. For in this, as in the cited case, the party apparently charged, only proved that the consideration named in the instrument was in fact not paid, and did not attempt to rebut the presumption that there had been an agreement to pay it.
Similar views were taken in Barnum v. Child (1 Sand. 58), which was the case in which Childs v. Barnum (supra), was an appeal. This conclusion would not be varied by considering that in the present agreement, there was an acknowledgment of the receipt of the §1. That might be contradicted, but the contradiction would leave unimpaired the presumption as to what was the agreement of the parties. I therefore, am of the opinion that the instrument was a contract, and the plaintiff had not the power to withdraw the right it gave to the defendants to enter for the purpose of the alteration.
Another position for the plaintiff is, that at the time she signed the contract, she asked the defendant’s agent who presented it to her, for execution, what the alterations were to be, and that before she signed, he told her that by them certain things were to be done, which it turned out were different from the alterations begun at the time of the alleged wrongful entry and afterwards completed. The plans and specifications referred to in the contract, provided for these alterations that were completed. The plaintiff’s counsel substantially asked the court to charge the jury that if the defendant’s agent did make the remarks that *36 have been referred to, the plaintiff was not bound by the contract. The court did not erroneously refuse this request. A person requested by an agent to sign a contract with certain provisions, has no right to rely upon an oral explanation of the writing, when the writing itself will be the contract or form the conclusive evidence of it, fraud . being absent; and fraud is not charged here. The plaintiff knew at the time that the defendant’s proposed contract referred to whatever was in the plans and specifications, and not to any oral description of what the plans and specifications contained. The former was to be part of this contract, the latter was not. . There was no presumption that the agent to procure the signature was the agent to bind his principal as to the contents of the plan and specification. The fact seemed to be, that she used the agent’s information, perfect or imperfect as it may have been, as a substitute for her own examination of the plans, which it was inconvenient to hér, to examine. In this respect, he was the plaintiff’s agent.
It does not appear that the permission to alter in the contract had been exhausted by the alterations that had been made, before the alterations begun by the entering of the premises in question here.
Judgment affirmed, with costs.
Van Vorst, J., concurred.