## Mary C. Fargis, Appellant, *v.* William T. Walton et al., Respondents.

Plaintiff leased of defendant W. rooms on the second floor of a building in the city of New York, the lower story of which was occupied as a store. W. was also the owner of four adjoining buildings, the lower stories of which were occupied as stores and the upper by tenants occupying apartments. W., desiring to make certain alterations and improvements in his stores, procured the plaintiff and other tenants occupying rooms over the stores under separate leases, to sign an instrument, not under seal, whereby for an expressed consideration of one dollar, the receipt whereof they acknowledged, they agreed to permit W. to make any alterations he might "deem necessary to carry out the plans and specifications in changing the house." No consideration was, in fact, paid. In an action to recover damages for alleged trespasses, in which the acts complained of were claimed by defendants to have been done in the making of the alterations referred to, plaintiff was nonsuited. *Held,* that the instrument was not valid as an agreement; that not being under seal it was not entitled to the common law or statutory presumption of consideration, and it being shown there was no consideration in fact paid, there was no presumption of an agreement to pay the consideration expressed; that in any event such an inference could only be drawn by the jury, not by the court; that considering the instrument as a license, it was not conclusive and binding against plaintiff as evidence, but could be explained, varied or contradicted by oral evidence, and could be revoked before it was acted upon; and evidence having been given by plaintiff that the license actually given and intended to be given related only to certain alterations which were completed before the commission of the trespasses complained of, also, that the license was revoked before acted upon, the ruling was error.

*Oakley* v. *Boorman* (21 Wend. 588); *Childs* v. *Barnum* (11 Barb. 14) distinguished.

Where it is shown that the consideration expressed in an instrument, not under seal, was not actually given or promised, and a party claims there was some other consideration, it is incumbent upon him to show it.

*It seems* that courts are quite disinclined, by the application of the rules relating to *estoppel in pais*, to give to mere licenses, based upon no consideration, the force and effect of absolute agreements, and the case must be quite peculiar and exceptional which will authorize a licensee to proceed under his license after its revocation.

*Fargis* v. *Walton* (19 J. & S. 32) reversed.

(Argued October 21, 1887: decided November 29, 1887.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made the first Monday of December, 1884, which affirmed a judgment in favor of defendants, entered upon a verdict directed by the court. (Reported below, 19 J. & S. 32.)

The nature of the action and the material facts are stated in the opinion.

*Samuel Jones* for appellant. Having obtained plaintiff's signature to the instrument upon statements of certain facts, which limited its operation to certain alterations, defendant cannot now extend it beyond those alterations so as to cover others. (*Meyer* v. *Lathrop*, 73 N. Y. 322.) The instrument does not constitute a contract, because there is no consideration to support it. (*First Nat. B'k* v. *Dana*, 79 N. Y. 108, 116.) There being then no consideration for the instrument, it is not a valid and binding contract, but, at most, a mere license. (*Roosevelt* v. *Dreyer*, 12 Daly, 370, 374.) Being a mere license, it was revocable by plaintiff, and was by her revoked before the commission of the acts complained of. (*Ketchum* v. *Newman*, not reported; *Wood* v. *T*. 12 Mes. & W. 838.) Plaintiff had the right at any time during the progress of the alterations, and until their final completion to revoke the license; until then it was executory only and certainly was executory as to those alterations which were not commenced until a month after the completion of the others. (*Babcock* v. *Utter*, 1 Keyes, 111 · *Murdock* v. *P. Park & O. I. R. R. Co.*, 73 N. Y. 579; *Cronkhite* v. *Cronkhite*, 94 id. 323; *Duryea* v. *Mayor, etc.*, 96 id. 477.)

*W. W. Westervelt* for respondents. For the purpose of destroying the effect and operation of the instrument plaintiff is estopped from denying the payment of one dollar consideration therein named, (*Grout* v. *Townsend,* 2 Hill, 554; 2 Den. 336; *Childs* v. *Barnum,* 11 Barb. 14; *Oakley* v. *Boorman,* 21 Wend. 588.)

Earl, J. This action was brought by the plaintiff to recover damages for certain trespasses committed upon premises occupied by her in the city of New York, and upon the trial, at the close of all the evidence, she was nonsuited. That the alleged trespasses were quite serious and caused her substantial damage, cannot be disputed. The plaintiff was the tenant of the defendant Walton in the occupancy of the rooms on the second floor of the building situated on the corner of West Fifty-first street and Eighth avenue, numbered 851 on the avenue. The lower story of the building was occupied as a store. Walton was also the owner of the four buildings adjoining No. 851 on the north, the lower stories of which were also occupied as stores and the upper stories by tenants hiring living apartments. In April, 1880, Walton desiring to make certain alterations and improvements in his stores, procured the plaintiff and eight other tenants occupying rooms above the stores, under separate leases, to sign an instrument, of which the following is a copy: "We, the undersigned, do hereby agree, for the consideration of one dollar to us paid, the receipt of which we hereby acknowledge, to permit William T. Walton, or his agents, to make any alterations which he or they may deem necessary to carry out the plans and specifications in changing the house we now occupy." The alleged trespasses upon the premises occupied by the plaintiff were committed after the execution of this instrument, and, as the defendants claim, for the purpose of making the alterations therein referred to. There is dispute in the evidence as to what took place and was said when the instrument was signed, the plaintiff claiming that she was induced to sign it by misrepresentations and misapprehension as to the extent of the alterations to be made. The defendants claim

that they were justified in their interference with the plaintiff's premises by that instrument.

The trial court held that the instrument was invalid as an agreement but operative as a license, and on that ground nonsuited the plaintiff. But the General Term held that it was valid as an agreement and upon that ground affirmed the nonsuit. We are constrained to differ with both of the learned courts. The instrument is not under seal and is, therefore, not entitled to the common law or statutory presumption of consideration. (Code, § 840.) The plaintiff testified, without contradiction, that the dollar was not paid. But the defendants had the right, if they could, to show that that was not the real consideration, and that it was something else. This they attempted to do by showing that the consideration was the leasing of the premises for another year by Walton. But the plaintiff denied that consideration and gave evidence tending strongly to support such denial, and, as she was nonsuited, her evidence must now be taken as true; and such was the view of the General Term. But it held that there was the presumption of an agreement to pay the dollar, and thus that there was a sufficient consideration, citing as authority for its conclusion the cases of *Oakley* v. *Boorman* (21 Wend. 588), and *Childs* v. *Barnum* (11 Barb. 14). In each of those cases, however, the instrument under consideration was under seal and the court held that the statutory or common law presumption of a consideration was not overcome by simple proof that the moneyed consideration named in the instrument was not paid. But those cases are not authorities for this case. Here there is no presumption that there was any consideration other than that expressed, and the circumstances repel the existence of such a consideration as the General Term presumed. There is no such presumption arising from anything that appears on the face of the instrument. That recited the consideration of a dollar actually paid, the receipt of which is acknowledged, and not a dollar agreed to be paid; and there can be no presumption that Walton agreed to pay one dollar to all the tenants jointly, although

they had no joint interest. Further, no such consideration was claimed, or in any way hinted at on the trial. But all the circumstances surrounding the execution of the instrument were minutely proved, and there is not a particle of evidence tending to show any such consideration. The only evidence as to the consideration given by defendants pointed to the consideration above alluded to, to wit, the letting for a new year. When it is shown that the consideration mentioned in an instrument not under seal was not actually given or promised, and a party to it claims that there was some other consideration, it is incumbent upon him to show it; and in this respect the defendants here failed. But even if the promise to pay the dollar could properly be inferred from the evidence in this case, it was an inference to be made by the jury, and not by the court. The agreement was, therefore, invalid and cannot as such furnish a justification to the defendants.

But the instrument, although invalid as an agreement, might operate as a license. Here, however, the defendants have other difficulties to encounter. As the instrument was not binding as an agreement, it was not conclusive and binding as evidence against the plaintiff. While more cogent and persuasive than oral evidence, it was of no higher nature, and it could be explained, varied or contradicted by oral evidence. (*Roosevelt* v. *Dryer*, 12 Daly, 370.) She could not be bound to a license broader and of greater scope than she actually gave, and, like an oral license, it could be revoked before it was acted upon. The plaintiff gave evidence, which must now be taken as true, that the license she actually gave and intended to give related only to alterations to be made on the south side of the building, and such alterations were all completed before the trespasses of which she complains in this action; and hence the defendants had no license to protect them for these trespasses.

But if we assume, as claimed by the defendants, that the license, as originally given, was as broad as the written instrument, the defendants are still unprotected, because before the

alleged trespasses it was revoked by the plaintiff. The trial judge, however, held that the plaintiff had lost the right of revocation . because, on the faith of it, Walton had entered into contracts for making the alterations and was at the time of the revocation engaged in making them. It is undoubtedly true that a license may be so far acted upon that it cannot be revoked, the licensor being bound by an estoppel *in pais.* If one licenses another to cross his premises, he cannot revoke it when the licensee is midway and cannot retrace his steps. If a tenant licenses his landlord to enter upon his premises to repair a roof, after the landlord has torn off the shingles the tenant cannot revoke the license so as to prevent the landlord from putting on new shingles and thus protecting his building. So here, if Walton, under the license, had entered upon his alterations and had gone so far that he could not recede without detriment or damage to his building, the case might have been such that his further operations could not have been arrested by a revocation of the license. But the proof shows that Walton did not enter upon the alterations in the making of which the trespasses were committed until after the revocation of the license, and that he did not even enter into contract for the making of the alterations until after such revocation. There is nothing, therefore, in the facts proved which shows that the plaintiff was bound by any estoppel or that she was too late in her revocation. That there may be no misapprehension as to our views, we say, in conclusion, that the case must be quite peculiar and exceptional which would authorize a licensee to proceed under his license after the revocation by the licensor, and courts are quite disinclined, by the application of rules relating to estoppels *in pais,* to give to mere licenses based upon no consideration the force and effect of valid agreements. (*Babcock* v. *Utter,* 1 Abb. Ct. of Ap. Dec. 27; *Murdock* v. *P. P. & C. I. R. R. Co.,* 73 N. Y. 579; *Wiseman* v. *Lucksinger,* 84 id. 31.)

The judgment should, therefore, be reversed, and a new trial granted, costs to abide event

All concur.

Judgment reversed.