McAdam, Ch. J.
The guaranty is addressed “to whom it may concern,” and is in the nature of an open letter of credit. The transfer of the note, the principal obligation, transferred the guaranty as an incident. Cooper v. Dedrick, 22 Barb., 516; Craig v. Parkis, 40 N. Y., 181.
•The complaint alleges that “the note was indorsed by the said H. A. Tuttle (the payee) to this plaintiff, and that at the time of the indorsement to the plaintiff, and for the same consideration, the said H. A. Tuttle also transferred and delivered to the plaintiff the said instrument executed by the defendant. That at the time of the said indorsement of the said note to the plaintiff and transfer of said .indorsement to him, and as the consideration of said indorsement and transfer, the plaintiff sold and delivered to the said H. A. Tuttle property of the price and value of $500.”
The complaint also alleges “that the note referred to in the said instrument (guaranty) is the one hereinbefore described ” (the one sued upon). The note is dated January 17, 1887, and is payable six months after date. The guaranty is dated February 12, 1887. It is not addressed to any particular person, but “to whom it may concern,” and was evidently drawn in this form to give currency to the note. This is the fair import of the language. Story on Cont., § 866; 2 Bouv. Inst., 58; Winchell v. Doty, 15 Hun, 1. If the guaranty had been addressed to Tuttle, by name, it would have been special in its nature and restricted in it use, and could not have been extended to another (Barns v. Barrow, 61 N. Y., 39), but it is not so limited, being addressed “to whom it may concern.” The defendant must have known that his guaranty would concern any person to whom the payee might offer the note for sale or discount. It concerned the payee, because he parted with the $500 worth of goods on the faith of it. It was calculated to produce this effect, and was therefore presumably intended to have this effect. The. guaranty need not express á con *712 sideration, for if not expressed it may be proved. Evansville Nat. Bank v. Kaufmann, 93 N. Y., 273.
The case just cited was on a special guaranty addressed to a particular individual, but it carefully distinguishes the principles there laid down from what would have been decided if the action had been on a general guaranty like the one sued.on here. The court, citing Union Bank of Louisiana v. Coster (3 N. Y., 203), said: “The true distinction between general and special guarantees, as contained in letters of credit, is that upon the faith of a general guaranty any person is entitled to advance money or incur liability upon complying with its terms, and can recover thereon the same as though specially named therein.”
A general letter of credit is addressed to and invites people in general to advance money, give credit, or sell property in reliance upon it, and when this is done the contract is complete, and the acceptor becomes a party to it and may enforce it for his own benefit. In such case the promisee has, upon the request of the guarantor, furnished the consideration contemplated by the guaranty and brought himself within its terms and the requirements of law. 93 N. Y., supra, 279, 280. The giving of $500 worth of property upon the faith of the guaranty proves the consideration necessary to its validity as a binding obligation.
The plaintiff is therefore entitled to judgment on the demurrer, with costs.
Affirmed at general term.