CHARLES M. SMITH, as Sole Executor, etc., of LOREN SMITH, Deceased, Respondent, v. GEORGE B. NORTHRUP, Appellant.

80   65
145a 627
80   65
48ap495

*"For value received"* — *a sufficient statement of the consideration of a contract of guaranty to satisfy the Statute of Frauds* — *covenants under seal.*

The words "for value received" are a sufficient statement of the consideration in a written guaranty of the payment of a bond and mortgage to constitute a valid contract under the Statute of Frauds.

The former rule, that contracts of guaranty were void under the Statute of Frauds unless their consideration was expressed upon the face of the instrument itself, has been modified, and where the nature of the consideration is fairly inferable from the contract, it will satisfy the requirements of the statute.

It was shown, upon the trial of an action, that the following guaranty had been signed by the defendant therein:

"CLINTON, N. Y., *March 22d*, 1890.

"For value received, the receipt whereof is hereby acknowledged, I hereby guarantee the payment of a certain bond and mortgage bearing date the 22d day of December, 1885, and given by David Allen and Ann, his wife, to Loren Smith, deceased, within one year from the date of this instrument. Witness my hand and seal this 29th day of March, 1890.

"GEO. B. NORTHRUP.    [L. S.]"

And that the sole consideration of the guaranty was the agreement of the plaintiff not to foreclose the bond and mortgage therein referred to within one year.

*Held*, that the nature of the consideration for the defendant's undertaking was fairly inferable from the written provisions of the guaranty, and was sufficient to satisfy the requirements of the Statute of Frauds.

A covenant under seal is not within the Statute of Frauds requiring an agreement to be in writing expressing the consideration.

APPEAL by the defendant, George B. Northrup, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 29th day of May, 1893, upon the verdict of a jury rendered after a trial at the Oneida Circuit, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 27th day of May, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Charles H. Searle*, for the appellant.

*Charles R. & Clarence U. Carruth*, for the respondent.

MARTIN, J. :

This action was brought upon a written instrument or guaranty which was as follows :

"CLINTON, N. Y., *March 22d,* 1890.

"For value received, the receipt whereof is hereby acknowledged, I hereby guarantee the payment of a certain bond and mortgage bearing date the 22d day of December, 1885, and given by David Allen and Ann, his wife, to Loren Smith, deceased, within one year from the date of this instrument. Witness my hand and seal this 29th day of March, 1890.

"GEO. B. NORTHRUP. [L. s.]"

The defendant by his answer admitted signing and delivering a guaranty of the payment of the bond and mortgage mentioned in the foregoing instrument, and alleged that there was no valid consideration for the execution thereof, and "that the consideration for the guaranty moving from plaintiff to defendant was the agreement on the part of the plaintiff to suspend, or not to foreclose within one year, and that the guaranty did not itself contain the agreement, and, being an executory agreement, not already fulfilled, but to be performed afterwards, it should have been a part of the guaranty, and that without it the guaranty could not be enforced." As a further defense the defendant alleged that such guaranty was obtained by the fraud and false representations of the plaintiff as to the number of prior incumbrances there were upon the premises mentioned in the mortgage referred to in the guaranty, and that he relied upon such fraudulent representations when he executed the instrument in suit.

Upon the trial the question chiefly litigated was whether the guaranty was obtained by means of such fraudulent representations. That question was submitted to the jury in a charge whereby it was instructed that if it found that the representations alleged were made as proved by the defendant, the plaintiff could not recover. The jury found in favor of the plaintiff. A careful reading of the evidence contained in the appeal book renders it quite manifest that the question whether the guaranty in suit was obtained by the fraud or fraudulent representations of the plaintiff was one of fact, and that its determination by the jury should not be disturbed.

The appellant, however, contends that this guaranty was void

under the Statute of Frauds, for the reason that it does not state the agreement of the plaintiff, which was the consideration for the defendant's promise to guarantee the payment of the bond and mortgage described therein. On the trial it was proved that the sole consideration for the guaranty was the agreement of the plaintiff not to foreclose the mortgage within one year. This was not disputed. The defendant's precise claim is that the plaintiff's agreement to extend the time of payment of the bond and mortgage for the period of one year should have been set out in the guaranty as the consideration therefor, and that having been omitted, it does not comply with the requirements of the Statute of Frauds, which provides that every agreement which contains a special promise to answer for the debt, default or miscarriage of another person shall be void unless such agreement or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith.

We find no sufficient authority in the cases cited by the appellant to uphold his contention. We think they are clearly distinguishable from this. In the case before us the written instrument upon which this action is based was a guaranty of the bond and mortgage described therein, and contained all the provisions of the agreement to be performed by the party who signed it. Hence, the question here is, whether the consideration for the defendant's agreement was sufficiently stated.

The writing stated that, " For value received, the receipt whereof is hereby acknowledged," the defendant guaranteed the payment, etc. Thus the first question presented is whether the words, " for value received," were a sufficient expression of the consideration to constitute a valid contract under the Statute of Frauds. In *Miller* v. *Cook* (23 N. Y. 495) it was held that the words, " for value received," in a guaranty of a promissory note, were a sufficient expression of the consideration to answer the requirements of the Statute of Frauds, and in the opinion in that case the cases of *Watson's Executors* v. *McLaren* (19 Wend. 557); *Douglass* v. *Howland* (24 Wend. 35); *Cooper* v. *Dedrick* (22 Barb. 516), and *Brewster* v. *Silence* (4 Seld. 207) were referred to as authorities sustaining that decision. *Mosher* v. *Hotchkiss* (2 Keyes, 589) is to the same effect. The doctrine of the *Miller* case was also recognized in *Drake* v. *Seaman* (97 N. Y. 230). Within the doctrine of these

cases it would seem that the words, "for value received," were a sufficient statement of the consideration of the guaranty in suit to answer the requirements of the statute.

Moreover, it appeared on the face of the guaranty that the debt secured by the bond and mortgage was to be paid in one year from date, and the debt was then past due. Construing these instruments (the guaranty and the bond and mortgage) together in the light of the circumstances of this case, can it be said that it did not sufficiently appear on the face of the guaranty that the defendant's undertaking was in consideration of the extension of the time of payment for one year. If not, then the writing was clearly sufficient to fulfill the requirements of the statute. In *Ryde* v. *Curtis* (8 Dow. & Ry. 62) a guaranty was in these terms: "I do hereby agree to become security for Mr. R. G., now your traveler, in the sum of five hundred pounds for all money he may receive on your account," and it was held that it sufficiently appeared upon the face of that instrument that the consideration for the guaranty was the continuance of the traveler in the service of the plaintiff. In *Kennaway* v. *Treleavan* (5 M. & W. 498), where the words were: "I hereby guarantee to you the sum of 250*l.* in case Mr. P. should make default in the capacity of agent and traveler to you," it was held that it sufficiently appeared in the guaranty that the consideration for the undertaking was the future employment of P. in the capacity of agent and traveler. In *Newbury* v. *Armstrong* (6 Bing. 201) the instrument was: "I agree to be security to you for J. C., late in the employ of J. P., for whatever you may entrust him with while in your employ, to the amount of 50*l.*" and it was held that the consideration for the guaranty sufficiently appeared, that it was to be implied that C. had left one service, and the guaranty was given in consideration of his being taken into another. In *Hutton* v. *Padgett* (26 Md. 228) the agreement was as follows: "I hold myself responsible to W. A. & W. W. Padgett of Baltimore, Md., to the amount of $2,000, for any drafts they have accepted, or may hereafter accept, for John Latouche, now of Alexandria, Va.," and it was held that to bind a party upon a collateral promise to answer for the debt or default of another, it was necessary, under the Statute of Frauds of that State, that the consideration, as well as the

promise, should appear from the writing; that it was sufficient if it might be collected or implied from the instrument itself, and that it was to be implied from the guaranty in that case that the consideration was that the plaintiff would accept the drafts for Latouche. In *Gates* v. *McKee* (13 N. Y. 232) the guaranty was as follows: "I will be responsible for what stock M. E. McKee has had or may want hereafter, to the amount of five hundred dollars," and it was held that the consideration was sufficiently expressed within the requirements of the Statute of Frauds. In *Evansville Nat'l Bank* v. *Kaufmann* (93 N. Y. 273), RUGER, Ch. J., in speaking of a contract of guaranty, said: "It was formerly held that such contracts were void by the Statute of Frauds unless their consideration was also expressed upon the face of the instrument itself. (*Union Bank* v. *Coster, Ex'r*, 3 N. Y. 211; *Newcomb* v. *Clark*, 1 Den. 226.) But this rule was modified by other cases, holding that where the nature of the consideration was fairly inferable from the contract sued upon * * * it would satisfy the requirements of the statute. (*Gates* v. *McKee, supra; Church* v. *Brown*, 21 N. Y. 315; *Douglass* v. *Howland*, 24 Wend. 35; *Leonard* v. *Vredenburgh*, 8 Johns. 29; *Rogers* v. *Kneeland*, 10 Wend. 218.)" In *Barney* v. *Forbes* (118 N. Y. 580) the head note, which seems to fairly state the substance of the decision in that case, is as follows: "Plaintiffs, who held certain bonds as collateral for a debt due them from M., received an inclosure sent by defendant, who was a member of the firm of D. & Co., containing a letter from M. to the effect that he had accepted a position in the house of R. & Co., and pledging a portion of his salary each year until the debt was paid; also asking that 'with this assurance, and the letter inclosed, the bonds be released.' The letter referred to, which was also inclosed, was from defendant; after stating the employment of M. by his firm, the letter contained the following: 'I will undertake that the agreement made by him to pay a certain amount to you each year shall be carried out until the indebtedness to your firm is liquidated.' Plaintiffs accepted the proposition and surrendered the bonds. In an action upon the guaranty contained in defendant's letter, held, that the letters were to be taken and construed together; that upon their face it appeared that defendant's promise was made to procure the release of the bonds, which it accomplished, and this was a valid consideration; that, therefore,

the requirements of the Statute of Frauds were met, the promise was valid, and defendant was liable."

When the doctrine of the cases cited is applied to this case, it becomes quite obvious, we think, that the nature of the consideration for the defendant's undertaking was fairly inferable from the written provisions of the defendant's guaranty, and that it was sufficient to satisfy the requirements of the statute.

Again, the agreement or guaranty upon which this action was brought was under seal, and it has been held that a covenant under seal is not within the Statute of Frauds, requiring the agreement to be in writing expressing the consideration. (*Douglass* v. *Howland*, 24 Wend. 35; *Barnum* v. *Childs*, 3 Super. Ct. Rep. [1 Sandf.] 58; affd., *Childs* v. *Barnum*, 11 Barb. 14; *Rosenbaum* v. *Gunter*, 2 E. D. Smith, 415.) The case of *Barnum* v. *Childs* was referred to in *Fargis* v. *Walton* (107 N. Y. 401), and the correctness of the decision was not questioned.

These considerations lead to the conclusion that the defendant's contention that the guaranty upon which this action was brought was void under the Statute of Frauds, cannot be maintained.

We have examined the various exceptions by the defendant to the admission and rejection of evidence, and to the charge of the court, but have found none that would justify a reversal of the judgment, or that need be specially considered, and, hence, it follows that the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.